**CIRCLE DISCOUNT CORPORATION,**
**Plaintiff,**

v.

**UNITED STATES of America,**
**Defendant.**

**Civ. A. No. 1490-61.**

United States District Court
District of Columbia.

Dec. 10, 1962.

---

Joseph J. Lyman, Washington, D. C., for plaintiff.

Herbert S. Kendrick, Atty., Dept. of Justice, Washington, D. C., for defendant.

HOLTZOFF, District Judge.

This case involves the construction and application of the Internal Revenue tax imposed on manufacturers and importers of automobiles, especially as it affects importers. This action is brought by an importer of automobiles to secure a refund of the tax that had been levied and assessed against him by the Internal Revenue Service on automobiles that he imported between October 1, 1959 and June 30, 1960. The amount of the tax involved is $20,246.92. This tax was paid to the Government after demand, a claim for refund was filed, and subsequently this suit was brought to recover the amount of the tax.

The plaintiff contends that the automobiles that he imported were used or second hand vehicles and that the tax in question is not applicable to used cars. The Government puts in issue the question of fact whether these vehicles were actually new or used automobiles, but further contends that as a matter of law this issue of fact is immaterial and that the tax is applicable both to new and used cars.

Taking up first the question of fact, the principal witness in behalf of the plaintiff was Bruno Figliuzzi, who was the majority stockholder of the plaintiff corporation and managed and conducted its business. He testified that he was in the business of importing and selling used foreign cars during the years involved in this case. In some detail he related that he made trips to Germany, that he purchased German automobiles, known as Volkswagens, from used car dealers and from private owners in Europe and that he did not purchase any from either the manufacturer or from a franchise dealer in new cars. He further testified that after he purchased those cars some changes were made in them in shops in Europe, in order that they would comply with the requirements of the laws and regulations of the various States of the Union. Subsequently they were brought to this country and sold either at wholesale to used car dealers or to individual purchasers.

There were introduced in evidence two samples of bills of sale used by the plaintiff in connection with selling the vehicles

that it had imported. Each of those bills of sale referred to the automobile involved therein as a used car. The testimony is to the effect that this form was used by the plaintiff in all of its sales referred to in this case. The Government offered no evidence to contradict this testimony.

The original invoices of the various importations, according to the testimony, are on file in the United States Customs Bureau, and so were easily available to the Government. The title documents are on file in the various recording offices in the District of Columbia, Maryland or Virginia, where the sales of the automobiles were made.

It might be observed also that originally the defendant's answer did not deny, and by failure to deny admitted, the allegation that these automobiles were second hand vehicles. It was only at pretrial that the Government procured leave to amend the answer so as to assert that the automobiles were new; and, yet, no proof was introduced in behalf of the defendant on that issue.

▆ The Court finds as a fact that the automobiles involved in this case were used vehicles.

This brings us to the question of law involved in this case, namely, whether the tax in question is applicable to used cars. The pertinent provisions of the statute imposing the tax are found in 26 U.S.C. § 4061(a). The statute provides, in part, as follows:

> "There is hereby imposed upon the following articles * * * sold by the manufacturer, producer, or importer a tax equivalent to the specified percent of the price for which so sold."

This subsection provides that automobiles and trucks would be taxable at ten per cent.

This tax has been construed as an excise tax on the initial sale of the vehicle either by the manufacturer or an importer. No tax is imposed on any subsequent sales. It is important to observe that no exception is made for used or second-hand cars. On its face, this statute is applicable to all cars sold by the manufacturer, producer or importer.

The Supreme Court, in referring to this tax, construed it as follows in Indian Motorcycle Co. v. United States, 283 U.S. 570, 574, 51 S.Ct. 601, 602, 75 L.Ed. 1277:

> "We think it"—that is, the tax— "is laid on the sale, and on that alone. It is levied as of the time of sale and is measured according to the price obtained by the sale. It is not laid on all sales, but only on first or initial sales—those by the manufacturer, producer or importer. Subsequent sales, as where purchasers at first sales resell, are not taxed."

This case did not involve the point presented here and to a certain extent the foregoing statement may be considered a dictum. It is, however, helpful in determining the construction of the statute.

▆ The Internal Revenue Service has administratively construed the statute as applicable to used automobiles of foreign manufacture. Internal Revenue Bulletin 58–297 deals with this subject and reads as follows:

> "Used automobiles of foreign manufacture are imported and sold in this country. The importer's sales of the used automobiles constitute the initial sales of the automobiles within the United States. Held, the manufacturers, excise tax on automobiles sold by the manufacturer, producer or importer thereof, imposed by Section 4061 of the Internal Revenue Code of 1954, applies to the importer's sales of the automobiles. It is immaterial that the vehicles had been used prior to their importation."

To be sure, as counsel for the plaintiff contends, this statement is not a regulation and does not have the force of law. On the other hand, it indicates and is evidence of the administrative construction of the statute. It is, of course, well established that an administrative con-

struction of a statute by the agency charged with the duty of enforcing or applying it, is entitled to great weight. Norwegian Nitrogen Products Co. v. United States, 288 U.S. 294, 315, 53 S. Ct. 350, 77 L.Ed. 796; United States v. American Trucking Associations, 310 U. S. 534, 549, 60 S.Ct. 1059, 84 L.Ed. 1345; National Labor Relations Board v. Denver Building and Construction Trades Council, 341 U.S. 675, 692, 71 S.Ct. 943, 95 L.Ed. 1284; Federal Trade Commission v. Mandel Brothers, Inc., 359 U.S. 385, 391, 79 S.Ct. 818, 3 L.Ed.2d 893; West Texas Utilities Co. v. National Labor Relations Board, 87 U.S.App.D.C. 179, 181, 184 F.2d 233.

Necessarily, if the administrative construction is patently erroneous or unreasonable, it will be discarded by the Courts. This is not such a case, however. The statute is unambiguous. There is nothing in the legislative history that would unequivocally lead the Court to construe it otherwise than according to its literal meaning. Therefore, the Court reaches the conclusion that the statute is as applicable to the importations of used cars as it is to importations of new cars, the tax being levied on the initial sale.

It is urged, however, by counsel for the plaintiff that any ambiguity in a tax statute must be resolved in favor of the taxpayer. The Court agrees that this is a correct principle of law. The difficulty with applying it in the instant case is that there is no ambiguity on the face of the statute.

It is also urged that this interpretation of the statute would result in a discrimination as against imported used cars by comparison with sales of domestic used cars. The Court disagrees. The purpose of the statute is quite evidently to tax the initial sale of any automobile sold in this country, whether it is sold by a manufacturer of a vehicle fabricated in the United States or by an importer who brings it into this country. Under those circumstances, it cannot be reasonably argued that there is any discrimination as against used cars. Actually, if this tax were held inapplicable to imported used automobiles, there would be a discrimination operating in the opposite direction. In any event, the question of discrimination, if it exists, is a matter for legislative consideration, and if there is any injustice in the tax the remedy lies alone with Congress.

Accordingly, the Court, as above stated, concludes that the tax is applicable to the initial sales in this country of imported used cars to the same extent that it applies to the initial sales of imported new cars.

A transcript of this oral decision will constitute the findings of fact and conclusions of law.

Judgment for the defendant dismissing the complaint on the merits.